# EXHIBIT A

# 2201CV000471EF Houghton, David vs. Sticky Molasses Llc D/B/A Blackstrap Barbecue et al

- Case Type:
- Civil
- Case Status:
- Open
- File Date
- 04/05/2022
- DCM Track:
- Civil Time Standards
- Initiating Action:
- Money Action - Boston Municipal Court/BMC Filing (c231 §§ 103-104)
- Status Date:
- 04/05/2022
- Case Judge:
- Next Event:

**All Information**  **Party**  **Docket**  **Disposition**

## Party Information

**Houghton, David**
- Plaintiff

| Alias | Party Attorney |
|---|---|
|  | Attorney |
|  | Saban, Esq., Lou D |
|  | Bar Code |
|  | 672089 |
|  | Address |
|  | Phone Number |

More Party Information

**Sticky Molasses Llc D/B/A Blackstrap Barbecue**
- Defendant

| Alias | Party Attorney |
|---|---|
|  | Attorney |
|  | Halem, Esq., Samantha |
|  | Bar Code |
|  | 649624 |
|  | Address |
|  | Phone Number |

More Party Information

**Thompson, Christopher M**
- Defendant

| Alias | Party Attorney |
|---|---|
|  | Attorney |
|  | Halem, Esq., Samantha |
|  | Bar Code |
|  | 649624 |
|  | Address |
|  | Phone Number |

More Party Information

**Economides, Kate L**
- Defendant

| Alias | Party Attorney |
|---|---|
|  | Attorney |
|  | Halem, Esq., Samantha |
|  | Bar Code |
|  | 649624 |

- Address
- Phone Number
- 

**More Party Information**

## Docket Information

| Docket Date | Docket Text | Amount Owed | File Ref Nbr. | Image Avail. |
|---|---|---|---|---|
| 04/05/2022 | E-File complaint with claim of Jury Trial filed. | | 1 | Image |
| 04/06/2022 | Statement of damages filed by Plaintiff alleging contract action for damages of more than $25000. (Dist./Mun.Cts.Supp.R.Civ.P. 102A) | | | Image |
| 06/09/2022 | Stipulation filed: of Acceptance of Service | | 2 | Image |
| 06/09/2022 | Appearance filed<br>On this date Samantha Halem, Esq. added as Private Counsel for Defendant Sticky Molasses Llc D/B/A Blackstrap Barbecue | | | |
| 06/09/2022 | Appearance filed<br>On this date Samantha Halem, Esq. added as Private Counsel for Defendant Christopher M Thompson | | | |
| 06/09/2022 | Appearance filed<br>On this date Samantha Halem, Esq. added as Private Counsel for Defendant Kate L Economides | | | |

## Case Disposition

| Disposition | Date | Case Judge |
|---|---|---|
| Pending | | |

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS.                                             BOSTON MUNICIPAL COURT

DAVID HOUGHTON

    Plaintiff,

v.

STICKY MOLASSES LLC d/b/a
BLACKSTRAP BARBECUE,                    NO.
CHRISTOPHER M. THOMPSON, KATE
L. ECONOMIDES,

    Defendants,

## COMPLAINT

    This action is brought on behalf of David Houghton, a General Manager at Sticky Molasses, LLC d/b/a Blackstrap Barbecue ("Blackstrap"). Blackstrap failed to compensate Mr. Houghton all wages due by administering an invalid tip pool and not paying him minimum wage for all hours worked. Plaintiff David Houghton seeks damages including treble damages, interest, costs, and attorneys' fees.

### Parties

1. Plaintiff David Houghton is a resident of Winthrop, Massachusetts.

2. Defendant Sticky Molasses LLC d/b/a Blackstrap Barbecue is a domestic limited liability company with a principal place of business at 47 Woodside Avenue, Winthrop, MA 02152.

3. Defendant Christopher M. Thompson is a manager of Blackstrap and, on information and belief, resides at 168 Ashmont St. Apt. 9, Dorchester, MA 02124.

4. Defendant Kate L. Economides is a manager of Blackstrap and, on information and belief, resides at 29 Cottage Park Rd., Winthrop, MA 02152.

### Factual Background

5. Plaintiff David Houghton was hired by Blackstrap in May of 2018.

6. On October 17th of 2018 Blackstrap promoted Mr. Houghton to the position of General Manager.

7. As General Manager Mr. Houghton was in charge of the day to day operations of the restaurant. He had several managerial responsibilities such as product ordering, making cuts for service employees, and the hiring and firing of employees.

8. Before the start of the Covid-19 Pandemic Mr. Houghton was to be compensated at a rate of $310.00 per week plus tips.

9. During the course of his employment Blackstrap only paid Mr. Houghton for a fraction of the hours he worked.

10. In 2019 the minimum wage for the state of Massachusetts was $12.00 per hour.

11. Mr. Houghton would clock in and out using a system called Toast.

12. During the pre-pandemic period Mr. Houghton worked five days a week. On Wednesday and Thursday he worked from 3:30 PM to 1 AM. On Friday he worked 10:30 AM to 5 PM. On Saturday he worked from 3:30 PM to 2 AM. On Sunday he worked from 9:30 AM to 5 PM.

13. During the pre-pandemic period Mr. Houghton worked an average of forty-three and a half hours a week.

14. Mr. Houghton's salary of $310.00 per week resulted in him being paid far less than minimum wage for all hours worked.

15. Mr. Houghton never received any premium payments for hours worked over forty in a work week.

16. During the pre-pandemic period Mr. Houghton participated in the tip pool, sharing tips with servers, bartenders, and bussers.

17. During the pre-pandemic period Mr. Houghton also performed services, such as ordering and receiving, on his days off. These hours are not reflected on Toast.

18. Mr. Houghton was not paid for these hours worked on his days off.

19. The Covid-19 Pandemic struck in March of 2020 and Blackstrap was forced to close its doors for in person service, only remaining open for take out ordering.

20. During this time period, which lasted from March of 2020 to the beginning of June in 2021, Mr. Houghton was the only front of house employee at Blackstrap. Mr. Houghton was primarily responsible for managing the takeout system.

21. During the pandemic Mr. Houghton's compensation was changed. In 2020 Mr. Houghton was paid at a rate of $4.95 per hour plus tips.

22. During the pandemic Blackstrap only paid Mr. Houghton for five hours a week.

23. From the beginning of the pandemic until mid-July of 2020 Blackstrap did not pay Mr. Houghton any hourly wage.

24. In 2020 the minimum wage in the state of Massachusetts was $12.75 per hour.

25. During the pandemic period Mr. Houghton was at the restaurant five days a week overseeing the takeout system. He was there Tuesday through Saturday from 4 PM to 9 PM. The restaurant was closed on Sunday and Monday.

26. This resulted in Mr. Houghton working twenty-five hours a week during the pandemic period.

27. Even when taking into account the tips earned by Mr. Houghton, he was compensated at a rate far less than minimum wage for all hours worked.

28. In June of 2021 the restaurant reopened to in person dining and Mr. Houghton returned to his pre-pandemic schedule of forty-three and a half hours per week.

29. Mr. Houghton returned to participating in the tip pool despite having many managerial responsibilities.

30. During this time period Kate Economides, one of the owners of Blackstrap, often clocked in as a bartender and, on information and belief, participated in the tip pool despite having managerial responsibilities.

31. After the return of in person dining Mr. Houghton returned to his previous compensation structure and was paid at a salary of $310.00 per week plus tips.

32. This resulted in Mr. Houghton being paid at a rate far less than minimum wage for all hours worked.

33. In 2021 minimum wage in the State of Massachusetts was $13.50 per hour.

34. In 2022 minimum wage in the state of Massachusetts was $14.25 per hour.

35. Pursuant to state law requirements, Mr. Houghton has filed his state law statutory claims with the Attorney General.

## COUNT I
## VIOLATION OF MASSACHUSETTS WAGE STATUTE

21. Plaintiff incorporates the above paragraphs.

22. As a result of their failure to pay wages, and based on their actual knowledge of failing to pay all wages to Mr. Houghton the defendants violated M.G.L. c. 149, § 148, resulting in harm to Mr. Houghton.

23. The Plaintiff brings his claim pursuant to M.G.L. c. 149, § 150.

## COUNT II
## NON-PAYMENT OF OVERTME WAGES IN VIOLATION OF MASSACHUSETTS OVERTIME STATUTE

24. The Plaintiff incorporates the above paragraphs.

25. By their conduct as set forth herein, defendants violated M.G.L c. 151, §§ 1A and 1B, by failing to pay plaintiff overtime compensation at the overtime rate of time and one half for all hours worked in excess of forty during any work week.

26. The plaintiff brings his claim pursuant to M.G.L. c. 151 §§ 1A and 1B. Defendants are liable to plaintiff for treble damages, prejudgment interest, plus litigation costs and reasonable attorneys' fees.

## COUNT III
## NON-PAYMENT OF OVERTIME WAGES IN VIOLATION OF 29 U.S.C. §§ 207(A), 216(B)

27. Blackstrap is and at all times material hereto has been an "enterprise" within the meaning of Section 3(r) of the Fair Labor Standards Act, 29 U.S.C. 201, et seq. (hereinafter "FLSA").

28. Blackstrap is and at all times material hereto has been an "enterprise engaged in commerce or on production of goods for commerce," within the meaning of Section 3(s) of the FLSA.

29. Blackstrap has been at all times material hereto an employer of Mr. Houghton for purposes of the FLSA.

30. Mr. Christopher M. Thompson has, at all times material hereto, been an employer of Mr. Houghton for the purposes of the FLSA.

31. Ms. Kate Economides has at all times material hereto, been an employer of Mr. Houghton for the purposes of the FLSA.

32. The defendant's failure to pay Mr. Houghton's overtime wages was done either willfully or with reckless disregard of the FLSA.

33. The defendant's violation of the FLSA entitles Mr. Houghton to recover his unpaid overtime wages, interest, liquidated damages (in an amount equal to her unpaid overtime wages), reasonable attorney's fees, and the costs of this action.

## COUNT IV
## VIOLATION OF THE MASSACHUSETS TIPS ACT

34. The Plaintiff incorporates the above paragraphs.

35. As a result of the Defendant's failure to administer a valid tip pool the Defendants have violated M.G.L. c. 149 § 152A resulting in harm to Mr. Houghton.

36. The Plaintiff brings his claim pursuant to M.G.L. c. 149, § 150.

## COUNT V
## VIOLATION OF MASSACHUSETTS MINIMUM WAGE LAW

37. The Plaintiff incorporates the above paragraphs.

38. By distributing pooled tips to employees with managerial responsibilities the Defendants have invalidated their business' tip pool.

39. Due to this the Defendants are not eligible to take a tip credit and must pay full minimum wage for all hours worked. This conduct violated M.G.L. c. 151 § 1, resulting in harm to Mr. Houghton.

40. This claim is brought pursuant to M.G.L. c. 151 § 20.

**WHEREFORE,** Mr. Houghton prays for judgment against the defendants as follows:

A. All damages to which Mr. Houghton is entitled to under Massachusetts law;

B. Statutory trebling of damages;

C. Attorney fees, costs, and interest as allowed by law; and

D. Such other and further relief as the Court may deem proper and just.

## JURY DEMAND

Mr. Houghton requests a trial by jury on all claims.

Dated 4/5/22                Respectfully Submitted by Counsel,

/s/ Lou Saban Esq.
BBO 672089
PO Box 120693
Boston, MA 02112

7

617-784-2071
lou@sabanlegal.com

8

| STATEMENT OF DAMAGES<br>G.L. c. 218, § 19A(a) | DOCKET NO. | Date Filed: 4/5/2022 11:37 AM<br>BMC - Central<br>Docket Number:<br>Trial Court of Massachusetts |
|---|---|---|
| PLAINTIFF(s)<br>David Houghton | DEFENDANT(s)<br>Sticky Molasses LLC | DATE FILED<br>4/5/2022 |

**INSTRUCTIONS:** THIS FORM MUST BE COMPLETED AND FILED WITH THE COMPLAINT OR OTHER INITIAL PLEADING IN ALL DISTRICT AND BOSTON MUNICIPAL COURT CIVIL ACTIONS SEEKING MONEY DAMAGES.

COURT DIVISION: Central Division, Boston Municipal Court

## TORT CLAIMS — AMOUNT

A. Documented medical expenses to date:
   1. Total hospital expenses: $ _____
   2. Total doctor expenses: $ _____
   3. Total chiropractic expenses: $ _____
   4. Total physical therapy expenses: $ _____
   5. Total other expenses (describe) _____ $ _____

   SUBTOTAL: $ _____

B. Documented lost wages and compensation to date: $ _____
C. Documented property damages to date: $ _____
D. Reasonably anticipated future medical and hospital expenses: $ _____
E. Reasonable anticipated lost wages: $ _____
F. Other documented items of damage (describe): _____ $ _____
G. Brief description of Plaintiff's injury, including nature and extent of injury:
   _____

For this form, disregard double or treble damage claims; indicate single damages only.   **TOTAL:** $ _____

## CONTRACT CLAIMS — AMOUNT

☒ **This action includes a claim involving collection of a debt incurred pursuant to a revolving credit agreement. Mass. R. Civ. P. 8.1(a)**

Provide a detailed description of the claim(s): _____ $ _____
Wage claim against employer
$ _____
$ _____

For this form, disregard double or treble damage claims; indicate single damages only.   **TOTAL:** $ 43098.75

ATTORNEY FOR PLAINTIFF (OR UNREPRESENTED PLAINTIFF)
SIGNATURE: [signed]   DATE: 4/5/22
PRINT TYPE NAME: Paul Sabani   B.B.O. #
ADDRESS: 8 Garrison St. #211

DEFENDANT'S NAME AND ADDRESS:
Sticky Mollasses LLC d/b/a Blackstrap Barbecue
47A Woodside Avenue
Winthrop, MA 02152

**CERTIFICATION PURSUANT TO SJC RULE 1:18:** I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

Signature of Attorney on Record: [signed]   Date: 4/5/22



# THE COMMONWEALTH OF MASSACHUSETTS
## OFFICE OF THE ATTORNEY GENERAL
ONE ASHBURTON PLACE
BOSTON, MASSACHUSETTS 02108

MAURA HEALEY
ATTORNEY GENERAL

(617) 727-2200
(617) 727-4765 TTY
www.mass.gov/ago

March 25, 2022

Attorney Lou Saban
8 Garrison Street, #211
Boston, MA 02116

RE:   David Houghton
      Request for Private Right of Action against Sticky Molasses LLC

Dear David Houghton:

Thank you for contacting the Office of the Attorney General's Fair Labor Division.

Massachusetts General Laws Chapter 149, § 150, and Chapter 151, §§ 1B and 20 establish a private right of action for employees who believe they are victims of certain violations of the state wage laws.

This letter is to inform you that we are authorizing you to pursue this matter through a private civil lawsuit. If you elect to sue in civil court, you may bring an action on your own or your clients' behalf, and on behalf of other similarly situated workers.

This office will not pursue an investigation or enforcement at this time.

Sincerely,

Fair Labor Division
Office of Attorney General Maura Healey
(617) 727-3465

Date Filed: 6/9/2022 9:28 AM
BMC - Centra
Docket Number: 2201CV000471EF

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS.                                          BOSTON MUNICIPAL COURT

DAVID HOUGHTON

Plaintiff,

v.

STICKY MOLASSES LLC d/b/a
BLACKSTRAP BARBECUE,                NO. 2201CV000471EF
CHRISTOPHER M. THOMPSON, KATE
L. ECONOMIDES,

Defendants,

## STIPULATION OF ACCEPTANCE OF SERVICE

### A. Background

On April 5, 2022, a complaint was filed by Plaintiff David Houghton against Defendants Sticky Molasses LLC d/b/a Blackstrap Barbecue, Christopher M. Thompson, and Kate L. Economides in Boston Municipal Court. This complaint contained claims for violation of the Massachusetts Wage Act, and the Massachusetts Overtime Statute, the Fair Labor Standards Act, the Massachusetts Tips Act, and the Massachusetts Minimum Wage Law. On June 6, 2022 this complaint was sent via email to counsel for the Defendants, Samantha Halem of Marshall Halem LLC. On May 31, 2022, Attorney Samantha Halem stated that she would accept service on behalf of the Defendants.

### B. Stipulation

1. Defendants waive notice and service of the complaint.
2. Defendants acknowledge receipt of a copy of the complaint served on Defendants' counsel via email and accept service of this complaint.
3. Plaintiff and Defendants stipulate that the Defendants may have twenty days from the filing of this stipulation in which to serve and file their responsive pleading to the complaint.

{00023439.DOCX }

Date Filed: 6/9/2022 9:28 AM
BMC - Centra
Docket Number: 2201CV000471EF

| Counsel for the Plaintiff, | Counsel for the Defendants, |
|---|---|
| S/s Lou Saban<br>Lou Saban Esq.<br>BBO# 672089<br>PO Box 120693<br>Boston, MA 02112<br>617-784-2071<br>lou@sabanlegal.com | /s/ *Samantha C. Halem*<br>Samantha C. Halem, Esq. (BBO 649624)<br>*shalem@marshallhalem.com*<br>Sarah E. Ruter, Esq. (BBO 708447)<br>*sruter@marshallhalem.com*<br>Marshall Halem, LLC<br>27 Mica Lane, Suite 102<br>Wellesley, MA  02481<br>(781) 235-4855 |

{00023439.DOCX }  2